UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No.: 3:05-CR-69-PLR-CCS |
| ) | |
| TOMMY MAURICE JONES ) | |

## MEMORANDUM AND ORDER

Pending before the court is the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) [R. 38]. On March 9, 2006, the defendant pled guilty to possession with intent to distribute at least five grams of crack cocaine; possession of a firearm during the commission of a drug trafficking crime; and possession of a firearm by a convicted felon. Because he had a prior felony drug conviction, defendant was subject to a ten-year statutory mandatory minimum for the drug offense. He was also subject to a five-year consecutive mandatory minimum for possessing a firearm during a drug trafficking crime. Before sentencing, the government filed a motion for downward departure based on defendant's substantial assistance. On August 11, 2008, the court granted that motion and sentenced defendant to a total term of 112 months imprisonment, consisting of concurrent terms of 52 months for the drug offense and firearm possession offense, and the statutorily mandated consecutive term of 60 months for possession of a firearm during the commission of a drug trafficking crime.

On August 3, 2010, Congress passed the Fair Sentencing Act ("FSA"). Pub. L. No. 111-220, 124 Stat. 2372. The FSA lowered the statutory penalties for crack cocaine offenses under 21 U.S.C. § 841.

The defendant seeks a sentence reduction in light of *United States v. Blewett*, 719 F.3d 482 (2013). In *Blewett*, a divided panel of the Sixth Circuit Court of Appeals held that the Equal Protection Clause requires application of the FSA's reduced statutory penalties to motions to reduce otherwise-final sentences under 18 U.S.C. § 3582(c), regardless of when a defendant was originally sentenced. *Blewett,* 719 F.3d at 490–94.

The government petitioned the Court of Appeals for a rehearing *en banc*. The Court of Appeals granted the government's petition, and on December 3, 2013, reversed. The *en banc* panel held that the FSA's "new mandatory minimums do not apply to defendants sentenced before it took effect" and that "§ 3582(c)(2) does not provide a vehicle for circumventing that interpretation." — F.3d —, 2013 WL 6231727, at *2 (6th Cir. Dec. 3, 2013) (*cert. denied* 2014 WL 859676 (U.S. Mar. 31, 2014)). The *en banc* panel further held that the Constitution does not dictate a different result. *Id.* Accordingly, *Blewett* no longer supports the defendant's motion for a sentence reduction.

In addition, defendant cannot establish that the guideline range applicable to him has been lowered by Amendment 750, because his guideline range was restricted by the statutory mandatory minimum, and guideline amendments have no effect upon statutory penalties. "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b); *accord United States v. Johnson,* 564 F.3d

2

419, 423 (6th Cir. 2001). Given the applicability of the mandatory minimum, defendant's effective guideline range is identical to the guideline range at his original sentencing. Only the government's substantial assistance motion allowed the court to depart below the ten-year statutory mandatory minimum for defendant's drug offense, and calculating a comparable reduction from the same starting point necessarily yields the same outcome. In other words, defendant's effective guideline sentence would still be ten years, identical to the guideline range used at his original sentencing proceeding. Amendment 750 is thus immaterial to the defendant's case, because his original sentence was not based on the guideline range, but upon the applicable mandatory minimum sentence, and the court's ruling on the government's downward departure motion. Because defendant was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, as required by 18 U.S.C. § 3582(c), he is ineligible for a sentence reduction under Amendment 750. Accordingly, defendant's motion [R. 38] is hereby **DENIED**.

    IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE