UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 3:05-CR-69 |
| | ) |
| TOMMY MAURICE JONES | ) |

### MEMORANUM AND ORDER

This matter is before the court on the defendant's *pro se* motion for early termination of supervised release [R. 42]. In support of his motion, defendant states that he has been on supervision since September 3, 2013. He is currently employed by Timken Company in Mascott, Tennessee. He has had multiple positions of advancement in the company and his current position is material handler. Defendant also states that he has maintained a stable residence and is in the process of purchasing the house he resides in.

Defendant's probation officer reports that defendant has been on supervision for three years and has done well. He did have a DUI, which was reported to the probation officer and has been resolved. Defendant has maintained the same employment since prior to beginning supervision, while residing at a halfway house. He has received job promotions and has a very favorable employer report. Defendant has had no positive drug tests. The probation officer states that defendant seems to have made a true life change and she has no objection to early termination.

The Government's only objection to early termination is that defendant has served less than half of the 8-year term of supervised release.

Defendant pled guilty to possession with intent to distribute at least 5 grams of crack cocaine; possession of a firearm during the commission of a drug trafficking crime; and possession of a firearm by a convicted felon. He was sentenced to 112 months imprisonment followed by 8 years of supervised release. The record shows that defendant has completed 3 years of his ordered term of supervised release. Defendant moves for early termination of supervised release pursuant to 18 U.S.C. § 3583(e) which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7) –
>
> Terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

After carefully considering the requirements of the statute, the court finds that the relevant portions of 18 U.S.C. § 3583(a) support an early termination of defendant's supervised release. In support of this determination, the court notes that defendant has completed more than one year of his term of supervised release and that defendant is in compliance with the conditions of his release. The court also notes that defendant has maintained steady employment since his release from prison, and has maintained a stable residence. He has had no positive drug tests. In addition, his probation officer reports

2

that defendant has made a true life change and she does not oppose early termination. The Government opposes the motion to the extent that defendant has served less than half of the 8-year term.

Accordingly, because the requirements of 18 U.S.C. § 3583(e)(1) have been satisfied and in light of the lack of any objection by the Probation Office, the court finds defendant's motion for early termination of supervised release well taken, and it is hereby **GRANTED**. Defendant's term of supervised release is **TERMINATED.**

The court commends defendant for his efforts to turn his life around, and wishes him success in his future endeavors.

**IT IS SO ORDERED.**

Enter:

_____
**UNITED STATES DISTRICT JUDGE**